UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GILES KADRI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  05-0517 (RMU) |
| | : | |
| v. | : | Document No.:   10 |
| | : | |
| BUREAU OF PRISONS *et al.,* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

The *pro se* plaintiff, an inmate at the Federal Correctional Institution at Forrest City, Arkansas, brings this action alleging that defendant Bureau of Prisons ("BOP") wrongfully ordered the plaintiff to submit DNA samples in violation of the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135 ("the Act").  The plaintiff asserts that he did not qualify as an inmate who is required to submit DNA evidence under the Act, and he asks the court for a declaratory judgment that the sample was wrongfully taken as well as an order that the sample be destroyed.  This matter is before the court on the defendants' motion to dismiss.  The defendants assert that the plaintiff's DNA sample has been destroyed and that the case is, therefore, moot.  The court now turns to the defendants' motion.

### II.    BACKGROUND

In March 2004, defendant BOP required the plaintiff to provide a DNA blood sample for entry into the Federal Bureau of Investigation Combined DNA Index System pursuant to the Act.

Compl. ¶ 7. Although the plaintiff complied with the BOP's demands, he protested that he did not meet the criteria as an inmate within the purview of the Act. *Id.* ¶ 8. Moreover, the plaintiff asserts that he sought to have the sample destroyed by filing a timely objection and fully exhausting his administrative remedies. *Id.* ¶ 9. In spite of his efforts, however, the sample was then sent to the FBI for analysis and inclusion in its national DNA database. *Id*. ¶ 10.

On March 14, 2005, the plaintiff brought suit in this court, seeking the destruction of the sample and a declaratory judgment stating that the sample was wrongfully collected. *Id*. ¶ 4. On July 6, 2005, the defendants filed a motion to dismiss the case. The defendants assert that the plaintiff's claim is moot because the FBI confirmed by notice dated October 7, 2004, that the DNA sample was destroyed and the plaintiff's DNA profile was removed from the Federal Convicted Offender DNA database and the National DNA Index system ("federal databases"). Def.'s Ex. 9. The court now turns to that motion

.

## II.   ANALYSIS

### A.   The Court Grants the Defendants' Motion

#### 1.   Legal Standard for Mootness

Under Rule 12(b)(1), a party may move to dismiss a case on grounds of mootness. *Comm. in Solidarity with People of El Salvador v. Sessions*, 929 F.2d 742, 744 (D.C. Cir. 1991); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995); *Am. Historical Ass'n v. Peterson*, 876 F. Supp. 1300, 1308 (D.D.C. 1995). Article III's case-or-controversy requirement prohibits courts from issuing advisory opinions or decisions based on hypothetical facts or abstract issues. *Flast v. Cohen*, 392 U.S. 83, 96 (1968). "The doctrine of mootness is a logical corollary of the case or controversy requirement[.]" *Better Gov't Ass'n v.*

*Dep't of State*, 780 F.2d 86, 90 (D.C. Cir. 1986).  In cases where challenged conduct ceases and "there is no reasonable expectation that the wrong will be repeated, . . . it becomes impossible for the court to grant any effectual relief whatever to the prevailing party, and any opinion as to the legality of the challenged action would be advisory." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).  Accordingly, a court may not rule on the merits of a case in which the claim for relief is moot.

Courts must evaluate mootness "through all stages" of the litigation in order to ensure that a live controversy remains.  *21st Century*, 318 F.3d at 198 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000) and *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  As a result, "[e]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Id.* (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)).

A case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *City of Erie*, 529 U.S. at 287 (internal quotations omitted).  An intervening event may render a claim moot if (1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violations.  *Pharmachemie B.V. v. Barr Labs,, Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992).  A case is not moot, however, so long as any single claim for relief remains viable, as the remaining live issues satisfy the case-or-controversy requirement.  *Tucson Med. Ctr. v. Sullivan*, 947 F.2d 971, 978 (D.C. Cir. 1991) (internal quotations and citations omitted).  The burden of establishing

mootness rests on the party raising the issue, and it is a heavy burden. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 458-59 (D.C. Cir. 1998).

### 2.     The Plaintiff's Claims are Moot

Here, the plaintiff seeks the destruction of his wrongfully taken DNA sample. *See* Compl. The defendants assert, however, that the FBI confirmed by notice dated October 7, 2004, that the DNA sample was destroyed and the plaintiff's DNA profile was removed from the "Federal Convicted Offender DNA database" and the "National DNA Index system" ("federal databases"). Def.'s Ex. 9. Indeed, the plaintiff states that "[h]ad the plaintiff been informed [of the FBI's October 7, 2004 report] "the instant action would not have been filed." Pl.'s Opp'n to the Defs.' Mot. to Dismiss ¶ 3.

As stated, in cases where challenged conduct ceases and "there is no reasonable expectation that the wrong will be repeated, . . . it becomes impossible for the court to grant any effectual relief whatever to the prevailing party, and any opinion as to the legality of the challenged action would be advisory." *City of Erie*, 529 U.S. at 287. Such is the case here. Because the plaintiff's DNA sample has been destroyed and the plaintiff's records were removed from the federal databases, the precise relief the plaintiff requests has been provided. The court can, therefore, provide no further relief, and it determines that the case is moot.

### 2.     The Court Denies the Plaintiff's Request for Costs

The plaintiff also seeks to recover his costs. To qualify for cost recovery, the plaintiff "must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical and Atomic Workers International Union, AFL-CIO v. Department of Energy*, 288 F.3d 452, 456-67 (D.C. Cir. 2002) (quoting *Buckhannon*

*Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603 (2001)).  Because the case is moot and the court provided the plaintiff with no relief, the plaintiff has not succeeded on the merits of its claim.  The plaintiff's request for costs is accordingly denied.  *See Hewitt v. Helms*, 482 U.S. 755, 759-62 (1987) (discussing that, *inter alia*, dismissing a case as moot is not a judgment on the merits).

### III.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of March, 2006.

RICARDO M. URBINA
United States District Judge